(No. 4369—

AURILLA UPDIKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

VAN METER AND OXTOBY, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Aurilla Updike, was on November 30, 1949 employed by the Department of Public Welfare at the Lincoln State School and Colony. On November 30, 1949, the claimant, in the course of her employment as Seamstress I, was operating a cutting machine in the sewing room; the cutting blade of said machine being about six inches long. While cutting apron collars, she noticed some wrinkling in the material, which she attempted to smooth before cutting. At that instant the cutting blade came down causing an injury, classified as serious, and described as a deep laceration extending in an oblique direction from the medial side of the left little finger just proximal to the distal interphalangeal joint across to the lateral side at the level of the proximal end of the fingernail. The portion, distal to the laceration, is almost completely severed from the rest of the finger. It is possible that there is sufficient injury to the digital arteries so that the blood supply may be inadequate, necessitating amputation of the entire distal phalanx.

Claimant at the time of the accident was married, and had no children. Her annual earnings during the year immediately preceding her injury were $2,005.00.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment.

The record consists of the complaint, Departmental Report, and stipulation filed in lieu of evidence.

Claimant is entitled to an award for 50% loss of her left fourth finger, commonly called the little finger, under Section 8, Paragraph (e) (5) of the Workmen's Compensation Act, amounting to $225.00. It appears from the Departmental Report that claimant was off duty for a period of one month, and that she was paid the sum of $181.00. Claimant's compensation rate is the maximum of $15.00 per week. Since the accident occurred subsequent to July 1, 1949, this must be increased 50%, making her compensation rate $22.50 per week. As claimant was entitled to four weeks while temporarily totally incapacitated, she should have received $90.00. Claimant, therefore, was overpaid the sum of $91.00, which must be deducted from her award, leaving a total award due in the sum of $134.00.

An award is, therefore, entered in favor of claimant, Aurilla Updike, in the sum of $134.00, all of which has accrued, and is payable forthwith.

This is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".